IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CAROL LYNNE CRAWFORD and,
BRUCE D. CRAWFORD,

    Plaintiffs,

v.                              Civil Action No. 5:06CV62
                                          (STAMP)
GENERAL MOTORS CORPORATION, INC.,
a Delaware corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS
AS A RESULT OF PLAINTIFFS' SPOLIATION OF EVIDENCE,
DEFENDANT'S MOTION TO PERMIT A JURY VIEW AND
DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EXPERT OPINION
TESTIMONY FROM LAY WITNESSES**

I. Background

Plaintiffs, Carol Lynn and Bruce D. Crawford, filed this products liability action against defendant General Motors Corporation ("General Motors") because of injuries sustained by Mrs. Crawford in an automobile accident that occurred on December 5, 2003. Carol Lynn Crawford was involved in an automobile accident on West Virginia Route 2 in Marshall County, West Virginia when she lost control of her 2002 Chevrolet Tracker on the snow-covered road and struck an embankment. Both the passenger's and driver's side airbags deployed. Mrs. Crawford sustained injuries to her chest. The plaintiffs allege that when the airbag deployed, it ignited, causing Mrs. Crawford's blouse to catch fire and causing her to

sustain burns on her chest. The plaintiffs contend that the airbag was defectively manufactured, designed or assembled by the defendant.

The plaintiffs allege that the defendant is liable for negligence, breach of warranties, gross negligence and reckless conduct, and strict liability. Mrs. Crawford's husband, Bruce Crawford, alleges loss of consortium. The plaintiffs seek compensatory and punitive damages. The defendant filed a motion for summary judgment to which the plaintiffs responded in opposition. The defendant filed a reply. This Court has reviewed the defendant's motion for summary judgment and the response and reply thereto, and finds that, for the reasons stated below, the defendant's motion for summary judgment must be granted.[1]

## II. Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

---

[1] On June 28, 2007, the defendant filed three motions: (1) "Motion to Dismiss of General Motors Corporation as a result of Plaintiff's Spoliation of Evidence," (2) "Motion of General Motors Corporation to Permit a Jury View," and (3) "Motion in Limine of General Motors Corporation to Preclude Expert Opinion Testimony From Lay Witnesses." Because this Court finds that the defendant's motion for summary judgment must be granted, the above three motions are denied as moot.

2

material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed -- whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

III. Discussion

The defendant contends that it is entitled to summary judgment because the plaintiffs have failed to make expert witness disclosures as required by Federal Rule of Civil Procedure 26(a)(2). The defendant argues that the plaintiffs cannot support their products liability claims without expert testimony because an airbag system is technically complex and exceeds the knowledge and understanding of an average individual. The plaintiffs argue that expert testimony is not necessary to support their claims because the doctrine of res ipsa loquitur permits the jury to infer negligence in this case. The defendant asserts that the plaintiffs cannot rely on res ipsa loquitur because they are unable to establish the elements necessary to invoke the doctrine. The

parties' arguments will be addressed in turn below as to each of the various counts of the plaintiffs' complaint.

1. Count I: Strict Liability

To prevail in a products liability case on a theory of strict liability under West Virginia law, a plaintiff must prove that the product in question is defective such that it is not reasonably safe for intended use. Morningstar v. Black and Decker Mfg. Co., Sly. Pt. 4, 253 S.E.2d 666 (W.Va. 1979). "The standard of reasonable safeness is determined not by the particular manufacturer, but by what a reasonably prudent manufacturer's standards should have been at the time the product was made." Id.

As a general rule, expert testimony is required in a products liability case only when the issues involved are of a complex or technical nature that is beyond the ordinary and common knowledge of the average lay juror. 63B Am. Jur. 2d Products Liability § 1864. The defendant argues that the issue regarding whether the airbag in the plaintiffs' Chevrolet Tracker was reasonably safe for its intended use is a complex and technical one that requires expert testimony. The plaintiffs contend that res ipsa loquitur applies and therefore expert testimony is not required.

The doctrine of res ipsa loquitur is inapplicable in actions alleging strict liability. 57B Am. Jur. 2d Negligence § 1187 (citing Barrett v. Atlas Powder Co., 86 Cal. App. 3d 560, 565 (3d

5

Dist. 1978); see also Jensen v. Amer. Motors Corp., Inc., 437 A.2d 242, 245 (Md. App. 1981)(declining to apply res ipsa loquitur to a strict liability action against a car manufacturer for defects in design or manufacture). Res ipsa loquitur permits an inference of negligence where the plaintiff shows that: (1) the event is of a kind which ordinarily does not occur in the absence of negligence; (2) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (3) the indicated negligence is within the scope of the defendant's duty to the plaintiff. Foster v. City of Keyser, Syl. 4, 501 S.E.2d 165 (W.Va. 1997). An inference of negligence, however, is unnecessary in strict liability actions because proof of negligence is not required or in issue. See Whitney v. Ralph Myers Contracting Corp., 118 S.E.2d 622, 627 (W.Va. 1961)(finding proof of negligence unnecessary where contractor is strictly liable for property damages resulting from blasting operations). In strict liability cases, the basis of liability is not negligence, but rather "the defendant's intentional behavior in exposing others to a risk." Peneschi v. National Steel Corp., 295 S.E.2d 1, 7 (W.Va. 1982). Therefore, because Count I of the plaintiffs' complaint advances a strict liability theory, the plaintiffs' reliance on res ipsa loquitur is inapposite.

As stated above, to prevail on a strict products liability claim, the plaintiffs must prove that the product in question was

defective. Morningstar, 253 S.E.2d at Sly. Pt. 4. West Virginia courts have not addressed whether expert testimony is required to prove that an airbag system was defective. Courts in other jurisdictions that have addressed the issue, however, agree that expert testimony is required. See Wood v. Toyota Motor Corp., 760 S.2d 315, 517 (Md. App. 2000)(requiring expert testimony to prove that a defect existed because "airbag technology is highly specialized"); Quintana-Ruiz v. Hyundai Motor Corp., 303 F.3d 62, 77 (1st Cir. 2002)("minimum safety standards for airbags are not within the common knowledge of lay jurors" thus expert testimony is required); Britt v. Chrysler Corp., 699 So.2d 179, 181 (Ala. 1997)(holding that an airbag system is "'precisely the type of complex and technical commodity that [requires] expert testimony to prove an alleged defect'"). This Court finds that expert testimony is required in this case because the issue of whether an airbag was defectively designed or manufactured is well beyond the understanding of the average layman.[2] The plaintiffs in this case have not produced any expert testimony for the purpose of establishing the defective condition of the airbag system in their

---

[2]Although West Virginia has not addressed the issue of expert testimony in airbag products liability cases, when state law is unsettled, a federal court must attempt to predict how the state's highest court would rule if confronted with the issue. See Comm'r of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 465 (1967); Mills v. GAF Corp., 20 F.3d 678, 681 (6th Cir. 1994)("[w]here the state supreme court has not spoken, our task is to discern how that court would respond if confronted with the issue.")

7

2002 Chevrolet Tracker. Therefore, no genuine issue of material fact exists as to defect and the defendant is entitled to judgment as a matter of law.

2. <u>Count II: Negligence</u>

The plaintiffs argue that they should withstand summary judgment on this count because they are entitled to an inference of negligence under the doctrine of res ipsa loquitur. As stated above, res ipsa loquitur permits the jury to inference negligence on the part of the defendant where the plaintiff shows that: (1) the event is of a kind which ordinarily does not occur in the absence of negligence; (2) other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and (3) the indicated negligence is within the scope of the defendant's duty to the plaintiff. <u>Foster</u>, 501 S.E.2d at Syl. 4. The defendant argues that the plaintiffs are unable to satisfy two of the three elements that would entitle them to the application of res ipsa loquitur. This Court agrees.

The plaintiffs allege that the airbags, while properly deploying, malfunctioned by allowing too much gas to escape through the airbag vents. The plaintiffs have not produced any expert testimony regarding the alleged defect. Rather, the plaintiffs rely on the accident report which states that the plaintiff suffered burns to her chest, an affidavit of Mrs. Crawford which

states that the airbag ignited her blouse and she suffered burns, and the statement of an eyewitness who says that he observed a "ball of fire" on Mrs. Crawford's chest after the airbag deployed. Although these sources constitute evidence of the injuries suffered by Mrs. Crawford, they are insufficient to create a genuine issue of material fact as to the existence of a defect. Accordingly, the plaintiffs have failed to show that the accident was of the kind that would not have occurred in the absence of negligence by the defendant.

Additionally, the plaintiffs have not sufficiently eliminated other reasonable potential causes for Mrs. Crawford's injuries. The plaintiffs have not presented sufficient evidence to refute the opinions of the defendant's expert that Mrs. Crawford was likely not wearing a seatbelt at the time of the accident and that her injuries were consistent with those of a driver whose torso was close to the driver-side airbag when it deployed. The plaintiffs also do not offer sufficient evidence to counter the opinion of the defendant's expert that Mrs. Crawford's injuries are consistent with high-speed abrasions from the inflating airbag fabric. Thus, the plaintiffs have failed to eliminate other potential responsible causes for Mrs. Crawford's injuries. Accordingly, because all of the elements of res ipsa loquitur are not satisfied, the doctrine is inapplicable in this case and the plaintiffs are not entitled to an inference of negligence.

To recover for injuries allegedly inflicted by a defendant's negligence, it is incumbent on a plaintiff to establish by a preponderance of the evidence that the defendant owes the plaintiff a duty, that there was a negligent breach of that duty, and that injuries received by the plaintiff resulted proximately from the breach of the duty.  Webb v. Brown & Williamson Tobacco Co., 2 S.E.2d 898 (W.Va. 1939).  In this case, the plaintiffs have not produced any expert testimony in support of their claim that the defendant negligently manufactured, inspected, or tested the airbag system in the 2002 Chevrolet Tracker.  The accident report, Mrs. Crawford's affidavit, and the statement of the eyewitness provide evidence that the airbag may have ignited and that Mrs. Crawford was injured.  These sources, however, are insufficient to establish that the defendant breached a duty to the plaintiffs or that any breach of duty was the proximate cause of Mrs. Crawford's injuries. Therefore, the plaintiffs have not produced sufficient evidence to create a genuine issue of material fact on this count and the defendant is entitled to judgment as a matter of law.

3.   Count III: Breach of Warranties

In Count III of the complaint, the plaintiffs allege that the defendant breached express and implied warranties in the manufacture and sale of the 2002 Chevrolet Tracker, including the warranties of merchantability and fitness for the purpose for which it was intended.  Generally, the doctrine of res ipsa loquitur applies only to negligence claims, not to claims based on breach of

warranty. Fulton v. Pfizer Hosp. Prods. Group, Inc., 872 S.W.2d 908, 912 (Tenn. App. 1993)(citing Gallagher v. Pequot Spring Water Co., 199 A.2d 172, 176 (Conn. Cir. Ct. 1963); Gardner v. Coca-Cola Bottling Co., 127 N.W.2d 557, 564 (Minn. 1964); Hershenson v. Lake Champlain Mtrs. Inc., 424 A.2d 1075, 1078 (Vt. 1981)). Thus, the plaintiffs are not entitled to an inference on this count.

The plaintiffs do not support their breach of warranty claims with expert testimony. Again, the only evidence upon which the plaintiffs rely is the accident report, Mrs. Crawford's affidavit, and the statement of an eyewitness. This evidence is insufficient to defeat a motion for summary judgment on this count. The plaintiffs have not offered evidence to support their allegations that the airbag system was defective or that the airbag system was not merchantable or fit for its particular purpose. Therefore, no genuine issue of material fact exists and the defendant is entitled to judgment as a matter of law.

4.  Count IV: Gross Negligence and Reckless Conduct

The defendant is also entitled to summary judgment on Count IV. Ordinary negligence and gross negligence differ in degree of inattention. Wood v. Shrewsbury, 186 S.E. 294, 297 (W.Va. 1936). Where a plaintiff seeks to establish gross negligence, the plaintiff must present "affirmative proof tending to magnify the negligence." Id. In this case, the plaintiffs have failed to produce sufficient evidence to create a genuine issue of material

11

fact as to their claim for ordinary negligence, as discussed in detail above, let alone sufficient additional evidence necessary to show gross negligence. Therefore, the defendant is entitled to judgment as a matter of law on this count.

IV. Conclusion

This Court finds that the plaintiffs have failed to present sufficient evidence to support their claims for strict liability, negligence, breach of warranties, and gross negligence and reckless conduct. Further, because Bruce Crawford's loss of consortium claim is derivative of his wife's claims, his claim must also fail. For the above-stated reasons, the defendant's motion for summary judgment is GRANTED. The defendant's motion to dismiss as a result of plaintiff's spoliation of evidence, the defendant's motion to permit a jury view, and the defendant's motion in limine to preclude expert opinion testimony from lay witnesses are DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 2, 2007

　　　　　　　　　　　　　　　　　　/s/ Frederick P. Stamp, Jr.
　　　　　　　　　　　　　　　　　FREDERICK P. STAMP, JR.
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE